HENRY H. GAGE

v.

JACOB MAYER.

*Filed at Ottawa May 15, 1886.*

1. TAX TITLE—*stricti juris.* The validity of a tax title depends upon a strict compliance with the statute.

2. SAME—*notice, and affidavit thereof—to authorize the making of a tax deed.* Under section 216 of the Revenue act, the right of a holder of a certificate of purchase at a tax sale, to a deed for the property sold, rests entirely upon the sufficiency of the affidavit filed with the county clerk, to show a proper service of notice of the purchase, and when the time of redemption will expire. Parol evidence can not be received to supply defects or omissions in the affidavit.

3. The statute only authorizes a deed to be executed upon a purchase at tax sale, upon an affidavit being filed which contains certain specified facts, and if it fails to contain such facts, the deed is unauthorized and nugatory, regardless of what the real facts may be, or what may be proved.

4. In this case, an affidavit made by an agent of a purchaser at a tax sale, in August, 1877, that he visited the lot on December 6, 1878, to serve the occupant with a notice of the sale, etc., and there was no person in possession of the same, but the property was vacant and unoccupied, that it was taxed in the name of W. H. Rice and I. Mayer, and he served a notice, of which the annexed was a true copy, on W. H. Rice and I. Mayer, by handing the same to and leaving the same with W. H. Rice, personally, at No. 188 Washington street, and J. Mayer, personally, at Howland block, Chicago, in said county, both on March 19, 1879: *Held,* that the affidavit failed to show service of notice on I. Mayer, one of the persons in whose name the lot was taxed, and that the deed issued thereon was void.

5. CHANCERY—*setting aside tax deed as a cloud upon title—upon what terms.* On bill to set aside a tax deed for a lot bought in 1877, in computing the amount the complainant should pay the defendant, the court included amounts the defendant had paid for other and prior tax sales, under which he claimed title: *Held*, that the error was not one of which the defendant could complain, as it did him no harm. In such case, the defendant was not bound to accept the sums deposited to meet his payments on the other tax titles, the validity of which was not involved.

6. SAME—*remedy at law—trial of legal titles.* On a bill by one claiming to be the owner of land, to set aside a tax deed as a cloud on the title, the defendant filed a cross-bill setting up other distinct legal titles to the land, in fee, to which the court sustained a demurrer: *Held*, that the demurrer was properly sustained, on the ground the defendant had a complete remedy at law by the action of ejectment.

7. It is a well settled principle, that a court of equity is not the proper tribunal for the trial of legal titles to real estate. An action of ejectment can not be tried, in a court of equity, by bill or by cross-bill.

8. SAME—*cross-bill—must be germane to the original bill.* Matters sought to be investigated by cross-bill should be germane to the subject involved in the original bill. If the original bill seeks to set aside a tax deed as a cloud on complainant's title, any matter having a bearing on the validity of the sale or deed is proper for the defendant to present. But the establishment of another legal title, not sought to be avoided, can not be had on cross-bill.

APPEAL from the Circuit Court of Cook county; the Hon. T. A. MORAN, Judge, presiding.

Mr. AUGUSTUS N. GAGE, for the appellant:

The service of the notice on I. Mayer, by leaving it with J. Mayer, was sufficient, because, first, it was proved they were the same person, and the notice was in fact served on the right person; and second, the letters "I" and "J" are synonymous, and are used interchangeably. *Hammond* v. *People*, 32 Ill. 446.

It does not appear in the record that the yeas and nays were not called upon the passage of the appropriation ordinance, and whether they were called can in no way affect injuriously the tax deed or the justice of the tax. Neither does the record show the taxes of the town entered into the

judgment. *Chiniquy* v. *People*, 78 Ill. 570; *Thatcher* v. *People*, 79 id. 597; *Riverside Co.* v. *Howell*, 113 id. 256.

The court should not have required appellee to pay appellant for titles not in issue under the bill, and against appellant's protest.

This was a proper case to entertain a cross-bill, that complete justice might have been done to all. A freehold was involved in the original bill and also by the cross-bill. *Gage* v. *Scales*, 100 Ill. 218; *Gage* v. *Ewing*, 107 id. 11.

The demurrer in this cause would not lie to the cross-bill. The cross-bill needs not any ground of equity to support the jurisdiction of the court. 2 Barbour's Ch. Pr. 127, 128, 131, 133; Story's Eq. Pl. secs. 399, 628, 832.

The subject matter of the cross-bill is germane to the subject matter of the original bill. *Jones* v. *Smith*, 14 Ill. 229; *Hurd* v. *Case*, 32 id. 45; *Robbins* v. *Swain*, 68 id. 197; *Artesian Well Co.* v. *Life Ins Co.* 57 id. 424.

The cross-bill set up a title in appellant adverse and superior to the title of appellee, together with all the requisites of an absolute legal title, which was admitted by the demurrer to the cross-bill, and the proof properly adduced under the answer to the orignal bill shows such allegations were true. *Gage* v. *Reid*, 104 Ill. 509.

Mr. MARSHALL D. EWELL, also for the appellant, contended that I and J are the same letter, and used interchangeably, and under the doctrine of *idem sonans*, the affidavit showed a valid service, citing Blackwell on Tax Titles, (4th ed.) 393; 1 Bishop on Crim. Proc. sec. 688; 3 Chitty's Gen. Prac. 171; *Ward* v. *State*, 28 Ala. 53; *Petrie* v. *Woodworth*, 3 Cal. 119; *Barnes* v. *People*, 18 Ill. 52.

Mr. CONSIDER H. WILLETT, for the appellee:

The notice and the affidavit show that service was not made upon the party in whose name the lots were assessed.

The provision of the statute is mandatory, and strict compliance is essential to every tax deed. *Gage* v. *Hervey*, 111 Ill. 305; Burroughs on Taxation, 320, sec. 116.

The affidavit, upon which the tax deed issued, does not show that I. Mayer could not be found in Cook county, and therefore the publication notice was a nullity. *Chappel* v. *Spire*, 106 Ill. 472; *Barnard* v. *Hoyt*, 63 id. 341; *Holbrook* v. *Fellows*, 38 id. 440; *Gage* v. *Schmidt*, 104 id. 106.

The yeas and nays were not called or recorded, and hence the appropriation ordinance was void. *Steckert* v. *East Saginaw*, 22 Mich. 106; *Town of Olin* v. *Meyers*, 55 Iowa, 209.

The demurrer was properly sustained to the cross-bill, because it was an ejectment bill. A cross-bill, like an original bill, must contain its own grounds for equitable relief. A court of law is the forum in which to try legal titles. *Parker* v. *Shannon*, 114 Ill. 192; *Fire Ins. Co.* v. *Buckmaster*, 13 id. 201; *Kennedy* v. *Northup*, 15 id. 153; *Hipp* v. *Babin*, 19 How. 271; *Killian* v. *Effingham*, 110 U. S. 568; *Machine Co.* v. *Perry*, 119 Mass. 123; Sedgwick & Wait on Trial of Title to Lands, sec. 169.

The demurrer was properly sustained to the cross-bill, because it is not based on any equitable grounds of relief. *Tobey* v. *Foreman*, 79 Ill. 498.

The last tax deed is the true source of title, because, in legal contemplation, it takes the place of every other title.

Gage having given in evidence all taxes extinguished by him upon the lots by payment and by purchase at tax sale, the decree properly embraced them.

A tax sale is not a judicial sale, and the presumptions of law in favor of the latter are not extended to it. *Beatty* v. *Mason*, 30 Md. 409; *Oliver* v. *Robinson*, 58 Ala. 46.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill brought by Jacob Mayer, in the circuit court of Cook county, against Henry H. Gage, to set aside a tax

deed issued to Gage on the 26th day of March, 1880, purporting to convey certain lots situated in the town of Lake, in Cook county, which had been sold for the non-payment of taxes, on the 27th day of August, 1877.

As to the validity of the deed, but one question need be considered, as we regard that conclusive.

Section 216, chapter 120, of the Revised Statutes of 1874, provides: "Hereafter no purchaser ○ * * * at any sale of lands * * * for taxes * * * shall be entitled to a deed * * * until the following conditions have been complied with, to-wit: Such purchaser shall serve * * * notice of such purchase on every person in * * *. possession * * * of such land, * * * and also the person in whose name the same was taxed, * * * if * * * he can be found in the county." Section 217 provides, that the purchaser shall make an affidavit, stating particularly the facts relied upon as compliance with section 216, *supra*, before he shall be entitled to a deed. Under section 216, no person is entitled to a deed, and no deed can lawfully be issued, unless the notice specified in the section has been given. Section 217 is equally imperative, that the purchaser, before he shall be entitled to a deed, shall make an affidavit showing a compliance with the section of the statute. The affidavit is required to be filed with the county clerk, whose duty it is to enter it upon the records of his office.

The affidavit relied upon as showing a compliance with the statute, was made by the agent of the purchaser at the tax sale, and states that he visited the property December 6, 1878, to serve the occupant with a notice, and there was no person in possession of the same, but the property was vacant and unoccupied; that the property was taxed in the name of W. H. Rice and I. Mayer, and he served a notice, of which the annexed is a true copy, on W. H. Rice and I. Mayer, by handing the same to, and leaving the same with, W. H. Rice, personally, at No. 188 Washington street, and J. Mayer, per-

sonally, at Howland block, Chicago, in said county, both on March 19, 1879.

From this affidavit, it appears that the lots were assessed in the names of two persons, W. H. Rice and I. Mayer, but the notice was served on W. H. Rice and J. Mayer. So far as I. Mayer is concerned, it does not appear, from the affidavit, that he was served with any notice whatever. Had the affidavit shown that I. Mayer and J. Mayer were one and the same person, or that there was no such person as I. Mayer, and the assessment in his name was a clerical error, intended for J. Mayer, who was the real owner of the land when assessed, it might have been a sufficient compliance with the statute to authorize the execution of the tax deed. This, however, does not appear from the affidavit, and we perceive no ground upon which the affidavit can be held sufficient, unless we can say that a service on J. Mayer was a service on I. Mayer,— in other words, that J. Mayer and I. Mayer are *idem sonans.* In support of this view, it is said, in the argument: "The initials I and J are not to be taken as mere initials, but as abbreviations for the name Jacob, for which they stand. If the word had been fully spelled out, 'Iacob,' it could not have been successfully contended that this was not 'Jacob.' In contemplation of law the two cases are identical." We are willing to concede, that Jacob and Iacob may be regarded as one and the same name. Where the letter I is placed before "acob," any person would see, without a moment's reflection, that it was intended for the letter J; but upon what theory can it be said that the letter J stands for Jacob? It may as well stand for John, or James, or any other given name which commences with that letter. So, also, I may stand for Isaac, Ion, or any other given name which commences with that letter. The use of either of the letters would not in the least indicate that they were intended as an abbreviation of the word Jacob. It may be, as claimed in the argument, that I was formerly used in words where J is

now written, but we do not think it is so used at the present time. At all events, we are satisfied that there is no authority for holding that I. Mayer and J. Mayer are to be regarded as one and the same person, and leaving a notice with J. Mayer was not a service on I. Mayer, the person in whose name the property was taxed. *Gage* v. *Hervey*, 111 Ill. 308, may be regarded as an authority on the question.

We have not remarked upon the evidence introduced on the trial, tending to prove that I. Mayer and J. Mayer was one and the same person, as we did not regard such evidence competent in the case. The execution of the deed rests entirely upon the sufficiency of the affidavit filed with the clerk, upon which it issued. Parol evidence can not be introduced to supply defects or omissions in the affidavit. The statute only authorizes a deed to be executed, upon an affidavit being filed which contains certain specified facts. If the affidavit does not contain the specified facts, the deed is unauthorized and nugatory, regardless of what the real facts may be, or what may be proved.

*Pond* v. *Ennis*, 69 Ill. 341, has been cited as an authority on the sufficiency of the notice. In the case cited, a defendant, in a proceeding to foreclose a mortgage, was served by a wrong name, and it was held, that the party was bound to plead the misnomer, and on failure to do so, was bound by the decree rendered in the cause. There is no doubt in regard to the rule laid down in the case cited, but that was a proceeding in court, and it has no bearing on the validity of the steps required to be taken under the Revenue law to make a tax title to real estate. The validity of a tax title, as has often been held by this court, depends upon a strict compliance with the statute.

It appears from the record, that appellant had purchased the lots in question for taxes at sales prior to the one involved in this proceeding, and the master, in computing the amount complainant should pay, included amounts which appellant

had paid on and under those sales, and it is urged that the court erred in requiring appellee to pay appellant for tax titles not in issue under the bill. The fact that appellee may be required to pay too large an amount, can not injure appellant, and if not injured, there can be no just ground of complaint. The validity of the sales made prior to 1877 was not involved in this bill, and if the appellant should be of opinion that an acceptance of the money decreed to be paid by appellee, which had been paid out by appellant, on or under such sales, would have any bearing upon such sales, he can leave that amount in the hands of the person with whom it has been deposited, and take the balance of the money paid under the decree.

The appellant filed a cross-bill, in which he alleged that he was the owner of the land in fee simple, under four distinct sources of title: First, under a deed from Herman Lieb, county clerk, dated February 10, 1877; second, under a deed from the same party, dated March 28, 1877; third, under a deed from E. T. C. Klokke, county clerk, dated March 26, 1880; and fourth, under a deed from same party, dated July 2, 1880. The complainant interposed a demurrer to the cross-bill, which the court sustained, for the reason that it failed to show any ground for equitable relief; that the cross-bill set up a legal title in appellant, and that his remedy was at law. It may be regarded as a well settled principle, that a court of equity is not the proper tribunal for the trial of legal titles to real estate. An action of ejectment, in a court of law, must be resorted to where the parties desire to contest the validity of conflicting titles. An action of ejectment can not be tried, in a court of equity, by bill or cross-bill. (*Parker* v. *Shannon*, 114 Ill. 192.) From an inspection of the cross-bill, it is apparent that the relief therein claimed was not a proper subject to be determined in a court of equity. Complainant's bill was brought to impeach a tax deed, issued on the 26th day of March, 1880, on the ground that it was void, and

hence a cloud upon his title. Any matter or thing having a bearing on the validity of the sale or deed was proper for the appellant to present. But the fact that appellant held other deeds for the property involved, which may have invested him with the fee, could not properly be set up by an affirmative bill. If he holds the fee to the property under such deeds, he has his remedy in an action of ejectment, where his title and that of the complainant may be investigated and determined, as their rights may appear. On a bill for partition, conflicting titles may be investigated and determined, as settled in some of the cases cited by appellant; but this is not a proceeding of that character, and the rules that govern in such a case have no bearing here.

The decree of the circuit court will be affirmed.

*Decree affirmed.*