## LIZZIE E. WILLIAMS

*v.*

## THE THWING ELECTRIC COMPANY *et al.*

*Filed at Ottawa March 28, 1896.*

1. APPEALS AND ERRORS—*when decree on conflicting testimony will stand.* The decree of the chancellor, rendered upon conflicting testimony given in open court, will not be disturbed, on appeal, unless palpable error appears therein.

2. CONTRACTS—*validity of subscription to capital stock of corporation—ignorance of law.* A subscription to the capital stock of a corporation cannot be canceled because the subscriber, through ignorance of law, acted under the mistaken idea that she was purchasing stock of a corporation already organized, instead of participating in the organization of a new corporation.

*Williams* v. *Thwing Electric Co.* 55 Ill. App. 229, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. OLIVER H. HORTON, Judge, presiding.

A bill in chancery was filed by appellant in the circuit court of Cook county, asking that a subscription of $10,000, made by her to the capital stock of the Thwing Electric Company, be canceled, and that an assessment of $2500 already paid by her be refunded.

About November, 1890, the defendant corporation was organized under the laws of this State, with a capital stock of $500,000, with its principal office in Chicago, for the purpose of manufacturing electric lamps of a new patent. F. H. Thwing and C. B. Thwing were the promoters of the company, the latter having secured the patent referred to. In the organization of the corporation it was proposed to put in this patent at $350,000. Appellant at this time resided in Arkansas City, Kan., where F. H. Thwing was engaged in the banking business. At his solicitation she subscribed for $10,000 of stock in this company. She alleged in her bill that Thwing represented to her that at that time the corporation was in existence and the capital stock fully subscribed, but that there was a small amount she might be able to purchase and which he would give her the first chance to obtain, and that the stock was of great value, and that he also made other false representations in order to induce her to subscribe. The bill alleged that all these representations were untrue, but that, relying on the statements of defendant Thwing, she agreed to take one hundred shares of stock. She says she afterwards ascertained that at the time the subscription was made the corporation had no existence; that no stock had been fully paid except that issued to her, and that it had no market value. The substance of appellant's bill is, that she was induced, through the fraudulent representations of F. H. Thwing, to take the stock, and that from her ignorance of the laws of this State she did not know she was helping to organize a corporation, but supposed she was taking stock in one already established. The

answers of the Thwings and of the corporation deny the material allegations of the bill as to fraud.

Upon a hearing of the cause in the circuit court of Cook county a decree was entered dismissing the bill for want of equity. An appeal was prosecuted to the Appellate Court for the First District, where the decree of the circuit court was affirmed, whereupon this appeal was prosecuted to this court.

WEIGLEY, BULKLEY & GRAY, for appellant.

JESSE A. & HENRY R. BALDWIN, for appellees.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The relief asked by complainant in the bill filed in this cause is based on alleged fraudulent representations made by defendant Thwing to induce her to subscribe for the stock in question. This was the issue on which the cause was heard and the decree rendered. On the hearing in the circuit court the principal evidence offered in support of the bill was the testimony of complainant, which was heard in open court before the chancellor. The important features of her testimony were denied by defendant Thwing, who had induced the stock to be subscribed. The testimony of the parties to this transaction is of a character so contradictory that it is impossible to reconcile it. The case clearly comes within the rule established by this court in a long line of authorities, that where a case is heard in open court on oral testimony which is conflicting, the decree of the chancellor will not be disturbed unless it shall appear to this court that there is palpable error in such finding. *Coari* v. *Olsen,* 91 Ill. 273; *Johnson* v. *Johnson,* 125 id. 510; *Lane* v. *Lesser,* 135 id. 567; *Rackley* v. *Rackley,* 151 id. 332.

Without entering into a discussion of all the features of the case, we are of opinion there was no error in the

decree of the circuit court in dismissing complainant's bill. All the acts of the incorporators of this corporation in following up its organization by the leasing of buildings, purchase of machinery and beginning the manufacture of its lamps, indicated an intention to carry out the purpose for which it was organized, and not the sole intention to defraud appellant of her money. Financial misfortunes or a mistaken idea as to the worth of the patented article probably defeated the carrying out of this intention.

Complaint is made that the promoters of the corporation and owners of the patent had put into the company their patent at a very large sum, for which stock was to be issued to them. There was no evidence before the court which would enlighten it as to the value of this patent or show that it was not of the value for which it was sold.

The bill of appellant proceeds on the theory that she signed the subscription to the capital stock of this corporation under the mistaken idea that she was purchasing stock of a company already organized and in operation instead of subscribing to stock to organize a new corporation, and that the error in this regard occurred from her ignorance or lack of knowledge of the laws of Illinois, and she asks relief on that account. Neither a court of law nor a court of equity can grant her relief for an injury resulting from a mistake of law.

For the reasons herein stated we find it was not error to dismiss complainant's bill, and the judgment of the Appellate Court affirming the decree of the circuit court is affirmed.                     *Judgment affirmed.*