### William Fraser et al. v. Grace Fraser et al.

1. STATUTES—*Section 70, Ch. 110, R. S., Construed.*—Section 70, Chapter 110, R. S., is only declaratory of the common law practice and does not authorize the suing out of a writ of error without joining all defendants or plaintiffs who are injuriously affected by the decree or judgment.

2. APPELLATE COURT PRACTICE—*Nature of a Writ of Error.*—A writ of error is a new suit, and all the plaintiffs, or all the defendants in the original suit who are alive, must be joined in the writ of error, and it is competent for one to join the others without their consent.

3. SAME—*When Some of the Parties Used as Plaintiffs in Error Do Not Appear, or Refuse to Assign Errors.*—If, upon the writ of error being served and the record sent up from the court below in obedience thereto, or upon the record being filed here by plaintiffs in error without the issuance of the writ, some of those whose names were used as plaintiffs in error do not appear, or refuse to assign errors, those plaintiffs in error desiring to assign errors should apply to this court for a severance of the plaintiffs in error, and upon obtaining a severance should assign errors in their own names upon the record, and should then sue out against such co-defendants below, as well as against plaintiffs below, a *scire facias* to hear the errors assigned. Upon that process being issued and served, the Appellate Court will acquire jurisdiction of all parties to the record.

**Bill to Rescind a Foreclosure Sale.**—Error to the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge presiding. Heard in this court at the April term, 1903. Dismissed. Opinion filed October 8, 1903.

BARTLETT & IRVING, attorneys for plaintiffs in error.

FISHER & MANN, attorneys for defendants in error.

MR. JUSTICE VICKERS delivered the opinion of the court.

William Fraser died testate September 8, 1895, leaving Grace Fraser, one of the defendants in error, as his widow. He left no lineal descendants. The widow and George H. McDonald were appointed executors of the will. Among the assets that came into the hands of the executors were three notes for $6,666 each, made by Fred W. Sadler, and secured by a real estate mortgage. This mortgage was foreclosed, and at the sale Grace Fraser became the purchaser of the real estate for $23,896. Grace Fraser renounced the provision of the will and elected to take in lieu thereof the provision made by section 12, chapter 41, entitled Dower. She claims that when she made her renunciation, and also when she bid off the real estate at the foreclosure sale, she was laboring under a mistake as to the extent of her rights in her husband's estate; that she had been informed by one of the best lawyers of Kane county whom she had employed and on whom she relied, that she would be entitled to all the personal property which her husband owned at the time of his death, and that she could bid up

the real estate as high as she pleased, that it was all going to her anyway. She afterward learned that she was only entitled to one-half of the personal estate, and she files the bill in this case to be relieved from her ill-advised action in bidding off the mortgaged premises for double their worth. She made all the legatees under her husband's will defendants, and the record, which contains a copy of the will, shows that there was a large number of legatees, probably thirty or more, who were bequeathed sums ranging from $200 up to several thousand.

One only of the legatees answered the bill, and upon a hearing the Circuit Court rendered a decree in accordance with the prayer of the bill, thus relieving Grace Fraser from the payment of her bid, and ordering a resale of the property, which has been had, and Grace Fraser again purchased the property at the master's sale for $10,600 which has been approved and deed issued to the purchaser

It will be seen that by the resale the assets out of which the legacies are to be paid has been reduced something over $13,000, and the record shows that there will be a large deficit in the assets, and only a small per cent of the legacies can be paid.

The foregoing statement of facts is sufficient to present the only question which is before us.

This writ of error is sued out only by William, Donald, John, Archibald, Mary and Ellen Fraser and Isabella Tennis, all of whom are legatees under the will of their deceased uncle, William Fraser. As already shown, there is a large number of other legatees who were co-defendants with plaintiffs in error below, who are not joined in the writ of error and are not otherwise before this court. A writ of error is a new suit, and all the plaintiffs, or all the defendants in the original suit who are alive, must be joined in the writ of error, and it is competent for one to join the others without their consent. The reason for the rule is apparent; if one defendant or plaintiff can prosecute a writ of error, each of his co-defendants or co-plaintiffs may do likewise, and as many writs might be sued out as there are plaintiffs or defendants. This is not the practice.

McIntyre v. Sholty, 139 Ill. 171; Deneale et al. v. Stump's Ex'r, 8 Peters, 526; Watson v. Whaley, 2 Bibbs, 392; Jameson v. Colburn, 1 S. & P. (Ala.) 253; Tidd's Prac., Vol. 2, p. 1162; 2 Ency. of Pl. & Pr. 185.

Section 70, Prac. Act, S. & C. Ch. 110, is only declaratory of the common law practice in this regard and does not authorize the suing out of a writ of error without joining all defendants or plaintiffs who are injuriously affected by the decree or judgment. Cooke v. Cooke, 194 Ill. 225.

If, upon the writ of error being served and the record sent up from the court below in obedience thereto, or upon the record being filed here by plaintiffs in error without the issuance of the writ, some of those whose names were used as plaintiffs in error did not appear, or refused to assign errors, those plaintiffs in error desiring to assign errors should have applied to this court for a severance of the plaintiffs in error, and upon obtaining a severance should have assigned errors in their own names upon the record, and should then have sued out against such co-defendants below, as well as against plaintiffs below, a *scire facias* to hear the errors assigned. (2 Tidd's Practice, 1162 and note A, 4th Am. Edition.) Upon that process being issued and served, this court would have acquired jurisdiction of all parties to the record. That course was not pursued, and we have not obtained jurisdiction of many parties interested in the decree. We therefore can not determine the errors assigned.

The writ of error is dismissed.