## William Fraser et al. v. Grace Fraser et al.

### Gen. No. 4,324.

1. JUDICIAL SALE—*what bill seeking to set aside, should contain.* A bill to relieve against a judicial sale should contain an offer to put the defendants *in statu quo.*

2. JUDICIAL SALE—*what does not justify setting aside.* The courts will not relieve against a judicial sale because of a mistake of law, as, in this case, following the advice of counsel which was afterwards found to be predicated upon a mistaken view of the law; some fraud, undue influence or imposition must be shown.

Bill in equity. Error to the Circuit Court of Kane county; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the October term, 1905. Reversed and remanded. Opinion filed July 17, 1906.

CHARLES CARROLL BARTLETT and SAMUEL C. IRVING, for plaintiffs in error.

FISHER & MANN, for defendants in error.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

This writ of error brings before us a decree for complainant in a suit in equity brought by Grace Fraser to relieve her from a purchase at a judicial sale. A former writ of error was dismissed for lack of proper parties. The facts are outlined in our former opinion in Fraser v. Fraser, 110 Ill. App. 619, to which we here refer to avoid repetition. There are two reasons why the bill did not make a case entitling complainant to relief.

1. Complainant did not offer to put the parties *in statu quo,* and it is manifest that they cannot be so placed. The bill shows that when the decree of foreclosure was entered on November 24, 1896, it was thereby established that Sadler owed the estate upon the mortgage debt $24,380.34 and that by the original

sale to complainant $23,896 of that indebtedness (less the costs) was extinguished. By the decree in the present suit complainant has been relieved of that purchase, and by the subsequent sale to her thereunder and its approval the amount realized by the estate has been reduced to $10,600 less the costs. Omitting reference to the costs, by this reduction the estate has been deprived of $13,296. If the original sale had been for only $10,600 the estate would have been entitled to a deficiency decree against Sadler for that difference, and it is not alleged that such a decree could not then or since then have been collected. If collected, one-half that sum would have gone to the legatees other than Mrs. Fraser. This decree makes no provision for restoring that liability of Sadler. He is not made a party to this suit, and if he were, there are no allegations which would reimpose upon him the liability from which he was relieved by the original sale and its approval. This is a loss to the estate and to the legatees for which Mrs. Fraser provides no remedy. Moreover the avowed object of Mrs. Fraser in bidding so high at the first sale was to prevent the respective owners of one or more lots from redeeming, and in that purpose she succeeded. At the sale under the present bill she bought in the property for less than one-half her original bid. If she had originally bid as low as she did at the second sale it may be these owners of lots could and would have redeemed. She did not make these owners parties to this suit nor give them an opportunity to redeem. If she had restored the subdivision which she vacated after her first purchase, and had made Sadler and the various lot owners parties to this suit, as she did to the original foreclosure suit, and thus given them an opportunity to be restored to their former position, it may be that the property would have sold for more at the second sale. The course here pursued of setting aside the sale by which these parties lost their title, and yet

omitting to make them parties to the suit, was calculated to cast a cloud upon the title which would be obtained at the second sale, and thereby to deter bidders from offering the full value of the property, and this would injure the legatees. In our judgment these features of the case are sufficient to deprive complainant of the relief she seeks by this bill, even if but for them she would be entitled to be relieved from her purchase.

2. The mistake was one of law and not of fact. The allegation is that her attorney gave her erroneous advice as to her legal rights, and that she acted upon that advice and bid double what the lots were then worth. No fraud, undue influence or imposition is charged. She was not led into the error by any action or representation of any party to this suit. She blames no one but her own attorney. The substance of the charge is that her attorney in advising her failed to consider how her renunciation of her husband's will would be affected by section 12 of the Dower Act. Equity does not grant relief against the consequences of a mere mistake of law. The rule is thus stated in Dinwiddie v. Self, 145 Ill. 290: "The general rule is, that a mistake of law, pure and simple, is not adequate ground for relief. Where a party, with knowledge of all the material facts, and without any other special circumstances giving rise to an equity in his behalf, enters into a transaction affecting his interests, rights and liabilities, under an ignorance or error with respect to the rules of law controlling the case, courts will not in general relieve him from the consequences of his mistake." The Illinois cases are collected and discussed in Fowler v. Black, 136 Ill. 363, and Atherton v. Roche, 192 Ill. 252. The same doctrine is thus announced by the Supreme Court of the United States in Utermehle v. Norment, 197 U. S. 40: "It has been held from the earliest days, in both the federal and state courts, that a mistake of law,

pure and simple, without the addition of any circumstances of fraud or misrepresentation constitutes no basis for relief at law or in equity, and forms no excuse in favor of the party asserting that he made such mistake.'' Other authorities are there collected. In Cooper v. Crosby, 3 Gilm. 506, the court refused to relieve against a misunderstanding of the advice of counsel. In Fuller v. Little, 69 Ill. 229, and Love v. Wilson, 81 Ill. 529, it was held that equity will not relieve against the neglect or mistake of counsel. In Williams v. Thwing Electric Co., 160 Ill. 526, ignorance of a statute seems to have been the ground upon which equity was asked to give relief, but it was refused. We have not access to Hamblin v. Bishop, 41 Fed. 74, but as quoted to us we think it much in point. It is obvious that to permit the acts and liabilities of a party to be set aside because he claims he made a mistake as to the law, will open the door to much dangerous and embarrassing litigation, against which very danger the maxims of the law were erected, that ignorance of the law excuses no one, and that every one of sound and mature mind is bound at his peril to take knowledge of the law, both common and statute law. As said in 2 Pomeroy's Eq. Juris., sec. 842: ''If ignorance of the law were generally allowed to be pleaded there could be no security in legal rights, no certainty in judicial investigation, no finality in litigations.'' That author states exceptions to this rule, such as a mistake arising from the inequitable conduct of the other party, or from fraud, concealment, misrepresentation, undue influence, violation of confidence and the like, but those exceptions have no application to the case made by the present bill. We are therefore of opinion that on this ground also complainant has not stated a case against which equity will afford relief.

The decree will be reversed, and the cause will be remanded to the court below with directions to vacate

the orders approving the master's sale and distribution under said decree, and to dismiss the bill for want of equity.

*Reversed and remanded with directions.*

Mr. Justice WILLIS took no part in the consideration of this case.