### J. C. Lyons v. Hammond Elevator Company.

#### Gen. No. 4,773.

1. WRIT OF ERROR—*who must be parties to.* All parties to a judgment below who are made parties to the writ of error proceeding, all the plaintiffs or all the defendants in the original case who are liable, must be joined therein; and it is competent for one to join the others without their consent.

Action in assumpsit. Error to the Circuit Court of Livingston county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the October term, 1906. Vacated. Opinion filed March 13, 1907.

A. C. NORTON and R. B. CAMPBELL, for plaintiff in error.

WHITE & TUESBURG and KERN & BROWN, for defendant in error.

MR. JUSTICE WILLIS delivered the opinion of the court.

This was a suit in *assumpsit* brought in the Circuit Court of Livingston county by plaintiff in error against defendant in error and W. B. Lundy, terminating there in a verdict and judgment against Lundy, and in a verdict and judgment in favor of the plaintiff in error.

Plaintiff sued out a writ of error, but has not brought Lundy into this court, and does not name him as one of the parties to this suit in his assignment of errors. We have not, therefore, all the parties to this record and judgment before us. If we permitted this case to proceed to judgment, at the next term or at any time within the limitation of a writ of error, Lundy might sue out another writ of error here, omitting the Hammond Elevator Company as a party, and this court would be required to review and pass on the same record twice. Such is not the practice. Upon a writ of error, the record in this court must agree with the record below. A writ of error is a new suit, and all the plaintiffs or all the defendants in the original case who are alive must be joined in the writ of error, and it is competent for one to join the others without their consent. The reason for the rule is apparent: If one defendant or plaintiff can prosecute a writ of error, each of his co-defendants or co-plaintiffs may do likewise, and as many writs might be sued out as there were plaintiffs or defendants. Fraser v. Fraser, 110 Ill. App. 619, and cases there cited.

Lundy must be brought into this court by either procuring his entry of appearance, or by *scire facias*, to hear the errors assigned. Until all the parties are before us, we shall not have jurisdiction to determine the correctness of the proceedings below.

The order taking the cause for hearing is vacated.

*Vacated.*