# Nielle J. Fuller, Appellant, v. Peter Hansen et al., Appellees.

## Gen. No. 18,980.

1. LANDLORD AND TENANT, § 24*—*when findings as to terms of contract to make a lease sustained by the evidence.* On bill for the specific performance of an alleged contract to execute a lease of a certain flat in defendant's flat building for a term of years where the evidence was conflicting as to the terms of the contracts, *held* that a finding in favor of defendant was warranted by the evidence.

2. APPEAL AND ERROR, § 1395*—*when findings of chancellor conclusive.* Where a case is heard by the chancellor on oral testimony taken in open court, his findings and decree will not be set aside because not supported by the evidence, unless there is palpable error in such findings.

3. SPECIFIC PERFORMANCE, § 80*—*when granting relief on cross-bill improper.* Where the original bill is filed to enforce the specific performance of an alleged contract to make a lease, and the proof does not sustain the allegations of the bill, it is error for the court to grant relief on defendant's cross-bill praying that complainant be ousted from present possession of the premises and that possession be restored to the complainant, because the question of the right of the parties to the present possession of the premises was not involved in the original bill, and also because the question of the right of defendant to be restored to the immediate possession of the premises was a purely legal right, enforceable in an action of ejectment or forcible entry and detainer.

4. EQUITY, § 194*—*questions which may be presented by cross-bill.* A question not germane to the original bill cannot properly be presented by a cross-bill.

5. EQUITY, § 23*—*when rule that court will retain jurisdiction to enforce legal rights inapplicable.* The rule that when the equitable jurisdiction of a court is once brought into action in a proper case the court will retain jurisdiction of the parties and the subject-matter, even in some instances to the extent of enforcing purely legal rights, applies only when the court retains the original case in order to grant some substantial equitable relief.

6. EQUITY, § 283*—*necessity that equitable rights be averred and proved.* The rule that equitable rights must be both averred and proved before purely legal rights will be determined by a court of equity applies whether the relief is sought by bill or cross-bill.

---

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

Vol. CLXXXVII 27

7. EQUITY, § 157*—*when answer to cross-bill need not set up adequacy of legal remedy.* The fact that an answer to a cross-bill does not set up as a defense that the complainant in the cross-bill has an adequate remedy at law does not confer jurisdiction to grant relief which is foreign to the power of a court of equity.

Appeal from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed in part, reversed in part and remanded with directions. Opinion filed June 24, 1914. ·

KRETZINGER & KRETZINGER, D. W. PARKER and L. L. SMITH, for appellant.

KNAPP & CAMPBELL and RALPH E. CHURCH, for appellees.

MR. JUSTICE GRAVES delivered the opinion of the court.

Appellant brought this suit to compel specific performance of a claimed contract to lease to her for a term of years a certain flat in a flat building owned by appellee, Knapp, which appellant was and had been for some years occupying as a tenant and for which she was then and had been paying thirteen dollars per month rental, and which the said Knapp was to keep in repair. The amended bill on which the case was disposed of charges, in substance, that on October 5, 1905, appellant leased from appellee, Knapp, the flat in question for one year at a rental of thirteen dollars per month, Knapp to keep the premises in repair; that she held over from year to year; that in May, 1910, the flat being out of repair she notified Knapp that if the same was not repaired she would vacate it; that Knapp through his agent, Hanson, agreed that if she would make the necessary repairs he would allow her to occupy the same for two months, rent free, and would give her a written lease for two years with an

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

extension of three years more, if the premises were not sold, at the same terms as her original lease under which she had occupied the premises since 1905, and that if the written lease was not delivered to her by October 1, 1910, her tenancy from year to year would continue until the lease was delivered; that she made valuable and necessary improvements and fully performed her part of the agreement, and demanded the written lease, which was refused and has not been delivered, and that she was only allowed one and one-half months' rent free; that on December 1, 1910, during the absence of appellant from the State, a notice to vacate the premises on January 1, 1911, was served on a daughter of appellant at the premises in question, and that appellees threatened to forcibly eject appellant and her property from the premises if she remained therein after January 1, 1911; that to avoid litigation she offered to accept a lease of the premises for a short term, but that the conditions imposed by appellees were so harsh and unreasonable that she was compelled to and did withdraw the offer and to resort to the courts.   The amended bill concludes with a prayer for specific performance of the contract of May, 1910, for a lease from October 1, 1910, for two years with an additional three years, if the premises were not sold. "That defendants be required to here litigate the matters above complained of; that this court retain jurisdiction of this cause to the end and do complete justice between the parties''; and that upon the hearing appellant be decreed to be in lawful possession of the premises, for an injunction and for other relief.

Upon the filing of the original bill, a temporary injunction was awarded without bond.   The writ of injunction was duly issued and served on appellees.

Appellees answered the amended bill and admit that Knapp is the owner of the building and that he by his agent verbally leased the flat to appellant, but deny that the original leasing was for a year; deny that

appellant held over from year to year, but aver that
the original leasing was for one month at thirteen dol-
lars per month and that thereafter appellant held
over as a tenant from month to month; deny that
Knapp agreed to keep the premises in repair; admit
that in May, 1910, the premises were in need of repair,
but deny that Knapp through Hanson, his agent, ver-
bally agreed that if appellant would repair the same
he would give her the lease averred in the bill; deny
that appellant made valuable improvements on the
premises; aver that Knapp agreed with appellant that
if she would do certain cleaning and painting he would
allow her to occupy the same rent free for one and
one-half months only; admit that on December 1, 1910,
the notice mentioned in the amended bill to terminate
the tenancy in thirty days was served as a basis of an
action for forcible detainer or ejectment; aver that
on December 30, 1910, appellant through her attorney
agreed with appellee, Knapp, through his attorney
that if Knapp would allow appellant to remain in pos-
session of the flat until May 1, 1911, she would lease the
same until that date and would then vacate the same;
that appellant refused to execute such lease, but that
Knapp permitted her to remain in possession of the
premises until May 1, 1911, but has not consented to
her remaining in possession thereof after that date;
that by reason of being temporarily enjoined they
have no remedy except such as can be obtained in this
suit, and pray that the amended bill of complaint be
dismissed.

Appellees also filed a cross-bill in which the mat-
ters set out in their answer are reiterated and in which
they pray that the contract of December 30, 1910, be
specifically enforced; that an account be taken of the
amount due from appellant by reason of the tenancy
and wrongful holding over; that she be decreed to pay
the amount found to be due for rent after May 1, 1911,

and that the court retain jurisdiction and order appellant to vacate the premises within a reasonable time, not exceeding thirty days.

Appellant in her answer to the cross-bill denies that her original tenancy was from month to month, but reiterates the averment in her bill that it was from year to year; denies that she through her attorney made the contract of December 30, 1910, set out in the cross-bill; denies that she was wilfully withholding possession of the premises and avers that she was lawfully in possession of the same and had paid the rent thereon up to the filing of her answer to the cross-bill.

General replications were duly filed to both the original bill as amended and to the cross-bill.

The evidence was taken in open court before the chancellor and was conflicting on most of the important issues. The testimony of appellant and her daughter, if uncontradicted, was amply sufficient to warrant the court in finding that the original bill of complaint as amended was established. The testimony of Hanson, the agent of appellee, Knapp, pointedly denied every material averment in the bill. The chancellor who heard this evidence gave more credence to the testimony of Hanson than he did to that of appellant and her daughter, and found that appellant had failed to prove her bill and so decreed. When a case is heard by the chancellor on oral testimony taken in open court, his findings and decree will not be set aside, because not supported by the evidence, unless there is palpable error in such findings. *Williams v. Thwing Electric Co.,* 160 Ill. 526; *Callender v. Dole,* 198 Ill. 616. While reading from this record it would seem that the weight of the evidence tends to prove the averments of the bill, it may well be that the appearance of the respective witness while on the stand and their manner while testifying was such as to amply warrant the court in believing the testimony of Hanson and disbelieving that of appellant and her

daughter. Under the authorities above cited we do not feel warranted in disturbing this decree in that respect.

The court by its decree also awarded the possession of the premises in question to appellees upon their cross-bill. This was error. The original bill was brought to enforce the specific performance of a claimed contract to make a lease. The subject-matter presented by the bill is within the equitable jurisdiction of the court. The proof, however, did not support the allegations of the bill, and the same was dismissed by the court for want of equity. By the cross-bill appellees asked that appellant be ousted from the possession of the premises and that the possession be restored to them. The question of the rights of the parties to the present possession of the premises was not involved in the original or the amended bill of appellant. That question not being germane to the original bill could not properly be presented by a cross-bill. In *Patterson v. Northern Trust Co.*, 231 Ill. 23, the Court said:

"A cross-bill must be confined to the subject matter of the original bill, and cannot introduce new and distinct matters not embraced in the original bill. (3 Daniell's Ch. Pl. & Pr.—Perkins' ed.—p. 1743.) Matters in the cross-bill must be germane to the matter involved in the original bill. The new facts which it is proper for the defendant to introduce thereby are such, and such only, as are necessary for the court to have before it in deciding the questions raised in the original suit, to enable it to do full and complete justice to all the parties before it in respect to the cause of action on which the complainant rests his right to aid or relief."

Again, the question of the right of appellees to be restored to immediate possession of the premises in question was a purely legal right that could be enforced in an action of ejectment or forcible entry and detainer, but of which a court of equity had no jurisdiction. *Parker v. Shannon*, 114 Ill. 192; *Gage v.*

*Mayer,* 117 Ill. 632-639. The rule that when the equitable jurisdiction of a court is once brought into action in a proper case, the court will retain jurisdiction of the parties and the subject-matter in order to do complete justice to all concerned, even in some instances to the extent of enforcing purely legal rights, applies only when the court retains the original case in order to grant some substantial equitable relief.

Even if the bill states a case entitling the complainant to equitable relief, if the proof fails to establish the averments of the bill in that respect, the court is without jurisdiction to proceed further and determine rights that are properly cognizable in a court of law. In other words, equitable rights must be both averred and proven before purely legal rights will be determined by a court of equity. *Toledo, St. L. & N. O. R. Co. v. St. Louis & O. R. Co.,* 208 Ill. 623, 632; *Brauer v. Laughlin,* 235 Ill. 265-272. The rule last announced applies whether the relief is sought by bill or cross-bill. *Gage v. Mayer, supra; Thomas v. Thomas,* 250 Ill. 354-361; *Wilcoxon v. Wilcoxon,* 230 Ill. 93.

In the case last above cited, the Court says on page 104 of the opinion:

"A cross-bill when filed to obtain affirmative relief, like an original bill, should set forth equitable grounds of relief and show a state of facts upon which a court of equity could be called upon to act if the same grounds were presented in an original bill."

Appellees insist that the fact that they have an adequate remedy at law cannot be availed of by appellant, because she did not set up that defense in her pleadings. The same contention was made in *Toledo, St. L. & N. O. R. Co. v. St. Louis & O. R. Co., supra.* The Supreme Court, in disposing of that question, used the following language:

"It is said, however, that as the answer to the amended bill does not state that complainants had an adequate remedy at law, appellees should not now be permitted to contend that a court of equity cannot in

this case properly determine the title to this property, and in support of that proposition we are referred to *Monson v. Bragdon,* 159 Ill. 61, *Village of Vermont v. Miller,* 161 id. 210, and *Kaufman v. Wiener,* 169 id. 596. This doctrine must be accepted with the qualification found in the latter case, which is, 'provided, of course, the subject matter of the litigation and the character of the relief are not foreign to the power of a court of equity.' We think the subject matter of the litigation presented by this branch of the bill under consideration so foreign to the power of a court of equity as to bring this case within the quoted language. The bill, on its face, states a good cause of action, because it is alleged in apt words that the deed of the Ohio River Company was obtained by fraud and misrepresentation. The lack of jurisdiction did not appear on the hearing until that question was disposed of. We think this rather falls within the class of cases discussed in *Richards v. Lake Shore and Michigan Southern Railway* Co., 124 Ill. 516, of which it is there said: 'It is a fundamental principle that parties to a suit cannot, by consent, confer jurisdiction with respect to the subject matter of the suit, by stipulation or consent, for that is fixed by the law and is consequently beyond the control of the parties.' "

It follows that the Circuit Court erred in retaining the case to adjudicate the matters presented by the cross-bill of appellees and in decreeing to them the possession of the flat in question.

The decree of the Circuit Court is, therefore, affirmed in so far as it dismissed the original bill, as amended, and is reversed in all other respects, and the cause is remanded to the Circuit Court with directions to dismiss the cross-bill. The costs in this court will be apportioned equally between the parties, appellant will pay one-half and appellees will pay one-half thereof.

*Affirmed in part, reversed in part and remanded with directions.*