HIRAM GOULD *et al.*

*v.*

MARY E. STERNBURG.

*Filed at Ottawa November 20, 1882—Rehearing denied March Term, 1883.*

1. CHANCERY JURISDICTION—*to remove cloud from title.* There are only two cases, under the laws of this State, in which a party may file a bill to quiet title or remove a cloud from the title to real· property: First, when he is in possession of the lands; and second, when he claims to be the owner, and the lands in controversy are unimproved and unoccupied.

2. Where the defendants are in the actual possession of land, though acquired by force and violence, a court of equity will not undertake to determine the validity of the respective titles of the parties, but will leave the complainant to his remedy at law. The rule is of general application, that where there is a plain and adequate remedy at law a court of equity will not interfere.

APPEAL from the Circuit Court of Will county; the Hon. FRANCIS GOODSPEED, Judge, presiding.

Messrs. HALEY & O'DONNELL, for the appellants:

A party not in possession of land occupied by another, can not maintain a bill to remove a cloud from his title. *Alton Mutual Fire Ins. Co.* v. *Buckmaster,* 13 Ill. 204; *Smith* v. *McConnel et al.* 17 id. 135; *Comstock* v. *Henneberry,* 66 id. 212; *Reed* v. *Tyler,* 56 id. 288; *Burton* v. *Gleason,* id. 25; *Hardin* v. *Jones,* 86 id. 315; *Ryan* v. *Duncan,* 88 id. 145; *Oakley* v. *Hurlbut,* 100 id. 204.

In a bill, under the statute, for quieting possession, complainant must set forth and prove actual possession. *Hubbard* v. *Clark,* 8 Ohio, 382; *Van Phul* v. *Penn,* 31 Mo. 334; *Rutherford* v. *Ullman,* 42 id. 216; *O'Brien* v. *Kreitz,* 10 Kan. 203.

Mr. R. E. BARBER, and Mr. B. M. MUNN, for the appellee:

The court has jurisdiction in this case, as the defendants' possession was obtained by force, violence and fraud. Such

possession will be treated as no possession.    *Baker* v. *Hayes,* 28 Ill. 387; *Hardin* v. *Jones,* 86 id. 313; *Comstock* v. *Henneberry,* 66 id. 212; *Fargo* v. *Goodspeed,·* 87 id. 290; *Kennedy* v. *Northop,* 15 id. 152; *Massie* v. *Watts,* 6· Cranch, 158.

Our position as to jurisdiction is sustained by abundant authorities, like the following: *Boyce, Exr.* v. *Grundy,* 3 Pet. 215; *O'Halloran* v. *Fitzgerald,* 71 Ill. 53; *Brooks* v. *Kerns,* 86 id. 547; *Pool* v. *Docker,* 92 id. 501; *Mix* v. *King,* 55 id. 434; *Smith* v. *Hollenbeck,* 51 id. 223; *Nelson* v. *Rockwell,* 14 id. 375·; *Lewis* v. *Lanphere,* 79 id. 187.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

There are only two cases, under the laws of this State, in which a party may file a bill in a court of chancery to quiet title, or to remove a cloud from the title to real property: First, when he is in possession of the lands; and second, when he claims to be the owner, and the lands in controversy are unimproved and unoccupied. (*Hardin* v. *Jones,* 86 Ill. 313; *Gage* v. *Abbott,* 99 id. 366; *Oakley* v. *Hurlbut,* 100 id. 204.)   This case does not come within the rule on this subject so frequently declared.   The object of the bill is to have certain deeds and a mortgage cancelled, as a cloud upon the title to the lands of complainant, and for a decree against defendants for the rents and profits of the same since the time she alleges she acquired the title.   The jurisdiction of the court to hear the bill is called in question by a distinct and affirmative allegation in. the answer of defendants, that complainant was not in possession of the property at the time she exhibited her bill, and that defendants were in the actual possession, claiming the same under a legal title, and on that account her remedy, if any, was at law,—not in chan-.cery.   It will be seen, on examination, the bill contains no allegation complainant was in possession of the lands involved in this litigation.   It would be idle to claim a decree for rents

and profits against defendants unless they were in possession of such lands, either by themselves or by their tenants. The pleadings, as well as the evidence, disclose the fact complainant was not, but that defendants were, in the actual possession of the lands when this suit was commenced.

It is suggested the jurisdiction of the court may be maintained on the ground defendants were guilty of wrongful conduct in driving off complainant's agents or tenants after the sheriff had formally delivered possession of the premises to them, for her, under a writ of assistance. The position taken is not sustained by the doctrine of *Hardin* v. *Jones,* cited by counsel with so much seeming confidence. It is said in that case, and so the law is, that possession which gives the court jurisdiction in cases like the one being considered, must be such as was acquired in a lawful way, for it can not be that equity will lend its aid to protect a possession wrested from another by violence, or obtained by the use of any unfair or corrupt means. The principle of that case can have no application to the facts of this case. Here it is defendants who are said to have obtained and retain possession by actual violence and wrongful conduct. But they are not asking the equitable interference of a court of chancery in their behalf. The rule is, that when a complainant has obtained possession of premises by violence, he will not be permitted to make his wrongful conduct a foundation for equitable jurisdiction and relief. That is all that *Hardin* v. *Jones,* and other cases in this court, hold on this subject, and the principle asserted will not enable complainant to maintain her bill in this case.

As defendants are in the actual possession of the lands in dispute, ejectment is the proper remedy, and the court will not undertake to determine the validity of their respective titles on a bill in chancery. The rule is of general application, that where there is a plain and adequate remedy at law a court of equity will not interfere. The practice in this

regard is so well settled it is not necessary to do more than to cite a few of the most recent cases in this court: *Burton* v. *Gleason,* 56 Ill. 25; *Gage* v. *Abbott,* 99 id. 366.

The decree of the circuit court will be reversed, and the bill dismissed.

*Decree reversed.*