JOHN PARKER *et al.*

*v.*

JAMES S. SHANNON.

*Filed at Ottawa May 15, 1885.*

1. ALLEGATIONS AND DECREE *should correspond.* It is error to render a decree against the wife of the defendant, granting a perpetual injunction against her and her husband, where there is no allegation in the bill upon which to base any decree against her.

2. CHANCERY—*jurisdiction to try legal titles.* Where the defendant is in the possession of land, a court of equity will not take jurisdiction of a bill to try the legal title of the complainant to the same. A court of law is the proper forum for the trial of legal titles to land.

3. Where the main object of a bill in chancery is the recovery of possession from a judgment debtor, of lots which had been sold upon execution against him, and to have it found that title to the property was acquired under the execution sale, a court of equity will not be invested with jurisdiction to pass upon the legal title, merely from the fact that the bill also seeks to obtain an injunction to prevent the commission of waste or irreparable injury to the property. In such case the court should only stay, temporarily, the doing of any irreparable injury, until the further order of the court and a trial of the question of title in a court of law.

WRIT OF ERROR to the Circuit Court of DuPage county; the Hon. CHARLES KELLUM, Judge, presiding.

Mr. ROBERT HERVEY, for the plaintiffs in error:

The bill fails to show any ground for the interference of a court of equity. The bill shows that complainant is out of possession, and does not show the premises were vacant and unoccupied. A legal title is set up, upon which the law affords a complete and perfect remedy.

The decree is erroneous in granting a perpetual injunction, especially against Mrs. Parker, against whom no charge whatever is made in the bill.

In support of the foregoing points, reference is made to *Wing* v. *Sherrer,* 77 Ill. 200; *Victor Scale Co.* v. *Shurtleff,* 81 id. 313; *Hardin* v. *Jones,* 86 id. 313; *Wells* v. *Lammey,* 88 id. 174; *Whiting* v. *Stevens,* 97 id. 482; *Hacker* v. *Barton,* 84 id. 313.

Messrs. GARY, CODY & GARY, for the defendant in error:

If the decree is too broad, this court will, of course, modify it. The jurisdiction of courts of equity in such a case has been frequently declared. *Barm* v. *Bragg,* 70 Ill. 697; *Hart* v. *Mayor,* 3 Paige, 213; *Atchison* v. *Peterson,* 20 Wall. 515; *Lake Co.* v. *Worster,* 29 N. H. 413; *Sword* v. *Allen,* 25 Kan. 67; *Derry* v. *Ross,* 5 Col. 295; *Scudder* v. *Trenton,* 1 Saxt. (N. J.) 694; *Musselman* v. *Margins,* 1 Bush, 463; *Hopkins* v. *Caddick,* 18 L. T. 236.

The court having acquired jurisdiction of said cause for one purpose, very properly retained it for all purposes necessary to do complete justice between the parties, although it may have required matters to be passed on which, alone, would not be cognizable in a court of equity. *Pool* v. *Docker,* 92 Ill. 501; *Conklin* v. *Foster,* 57 id. 105; *Sherlock* v. *Village,* 59 id. 389; *Gage* v. *Parker,* 103 id. 534; *Haworth* v. *Taylor,* 108 id. 287.

13—114 ILL.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The bill in chancery in this case, brought in the circuit court of Du Page county, by James S. Shannon, against John Parker, and Caroline M. B. Parker, his wife, sets forth that Shannon was the owner, and entitled to the exclusive possession, of four certain lots in the town of Hinsdale, in said county; that said John Parker was the former owner of the lots, and they were sold under execution upon a judgment against Parker, and no redemption having been made from the sale, that a sheriff's deed for the lots was duly executed to one Dunne, the purchaser at the execution sale, and that through *mesne* conveyances from and under Dunne, the title to the lots became vested in the complainant, subject to a possible right of dower in Parker's wife in two of the lots; that Parker and his wife conveyed, by deed, to one Munson, their right to two of the lots, subject to said execution sale, and that Munson afterward conveyed his interest in these two lots to the complainant; that in this mode the complainant derived his title to the four lots; that in consequence of his ownership, so derived, he is entitled to the possession of the lots, exclusively, and that no one else has any right to possession. The bill alleges that Parker claims to be the owner of or interested in the premises, claims that he has the right of possession, and has attempted to exercise acts of ownership, and has taken, or attempted to take, possession of the premises; that he has uprooted and broken down some of the shade-trees planted by complainant around and on the premises; that Parker is pecuniarily irresponsible, and the injuries about to be committed by him to the premises will be irreparable. The bill prays for an injunction, and that upon final hearing the complainant may be decreed to be the owner in fee simple of the premises, that the defendants be perpetually enjoined from going upon, interfering with or exercising any acts of ownership over the premises, and that a

writ of possession be awarded to the complainant. A temporary injunction was awarded. The defendants demurred to the bill. The court overruled the demurrer, and ordered the defendants to plead or answer instanter, and no plea or answer being filed, the defendants were defaulted, and the bill taken for confessed against them, and the court entered a decree finding that the complainant was the owner in fee simple of the premises, and that no other persons had any interest or right therein, and ordering that the complainant have exclusive possession and control of the premises, and perpetually enjoining the defendants from going upon, interfering with or exercising any acts of ownership over, or making any claim to, the premises.

It was evidently erroneous to make any decree against Caroline M. B. Parker, the wife of John Parker. There was no allegation in the bill upon which to found any decree against her. This proceeding would seem to be, in reality, an equitable suit of ejectment. The bill asks that the complainant be decreed to be the owner of the lands in fee simple, and that he have a writ of possession for the same. A court of equity is not the proper forum for the trial of legal titles to land. A court of law is the proper place of resort for such purpose. *Alton Marine and Fire Ins. Co.* v. *Buckmaster,* 13 Ill. 201; *Kennedy* v. *Northup,* 15 id. 153.

But it is said that a court of equity will entertain jurisdiction to prevent the commission, by one who is insolvent, of an irreparable injury to premises; that such was the purpose of the present bill, and that the court having acquired jurisdiction for that purpose, might properly retain it for all purposes necessary to do complete justice between the parties, and thus determine upon a matter which, alone, would not be cognizable in a court of equity. Although the latter be the general rule, we do not think it should apply in a case like the present, to subject the legal title to real estate to trial in a court of chancery. The prevention of the doing of an

irreparable injury to the premises appears here to be a rather subordinate purpose. The main object would seem to be the recovery of possession from a judgment debtor of property which had been sold upon execution against him, and to have it found that title to the property was acquired under the execution sale. By the decree entered, the proceeding was made to subserve all the purpose of an action of ejectment. We are of opinion the decree went too far in this respect,—that it should not have passed upon the legal title, but have left that to be determined upon in a court of law, and that it should not have gone further than to stay, temporarily, the doing of any irreparable injury, until the further order of the court, and a trial and determination, in a court of law, of the question of title.

The decree will be reversed, and the cause remanded for further proceedings consistent with this opinion.

*Decree reversed.*