JOHN PARKER *et al.*

*v.*

JAMES S. SHANNON.

*Filed at Ottawa September 26, 1887.*

1. CLOUD UPON TITLE—*such as equity will remove.* A bill will not lie to remove a mere verbal claim or oral assertion of ownership in land as a cloud upon the title. Such clouds upon title as may be removed by courts of equity, are instruments or other proceedings in writing, which appear upon the records, and thereby cast doubt upon the validity of the record title.

2. PRACTICE—*proceedings in the trial court—after reversal and remandment.* Where this court reverses a decree, and remands the cause generally, without any specific directions, amendments to the pleadings may be allowed upon the reinstatement of the cause in the court below. But when "the cause

is remanded for further proceedings consistent with" the opinion, the mode of proceeding indicated in the opinion must be pursued, and any other mode is excluded.

3. Where a decree is reversed by this court holding that the circuit court should not have passed upon the legal title to lands, and should have gone no further than to stay, temporarily, the doing of any irreparable injury thereto, which, it was alleged, had been threatened, until a trial and determination of the question of title could be had in a court of law, and the cause remanded for further proceedings consistent with the opinion pronounced, it will be error to allow an amendment of the bill bringing in other matters and grounds of relief. The only thing left to be done is for the circuit court to enjoin the doing of irreparable injury until the title shall be settled at law.

WRIT OF ERROR to the Circuit Court of Du Page county; the Hon. C. W. UPTON, Judge, presiding.

Mr. ROBERT HERVEY, for the plaintiffs in error.

Messrs. E. H. & N. E. GARY, for the defendant in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This case is now before us for the second time. The former opinion in it is reported in 114 Ill. 192. We there held, that the circuit court should not have passed upon the legal title, and should have gone no further than to stay, temporarily, the doing of any irreparable injury, until a trial and determination of the question of title could be had in a court of law; and the cause was remanded for further proceedings consistent with that opinion. We also there held, that it was erroneous to make any decree against Caroline M. B. Parker. The decree, sought to be reviewed by the present writ of error, finds the complainant to be "the absolute, unqualified and unconditional owner in fee simple" of the lots described in the bill, and orders, that the injunction be made perpetual against both John Parker and Caroline M. B. Parker.

After the remanding order was filed in the circuit court an amended bill was filed, which omitted any statement as to the mode in which complainant derived his title, or as to the

character of the claim, set up by defendants. | The amended
bill simply alleged, that complainant was the owner in fee of
the premises and in the possession thereof, and that defend-
ants were giving out and pretending that John Parker was
"the owner of or in some manner interested in or entitled to
the possession of the said premises or some part thereof,"
and that, under such pretended claim, defendants were com-
mitting trespasses, etc. It also alleged, that said pretended
claims of the defendants operated as a cloud upon the title of
complainant, and prayed that said cloud might be removed.
The decree, besides the findings ·already mentioned, found
that the claims in question did operate as a cloud, and de-
creed that such cloud be removed. It was rendered after
default taken against the defendants below, who did not plead,
answer or demur to the amended bill, nor in any way enter
their appearance, after it was filed.

The amended bill sets up no other or different claim on the
part of the defendant Parker, than that which is alleged in
the original bill, referred to in our former opinion. A bill
will not lie to remove a mere verbal claim or oral assertion
of ownership in property, as a cloud upon the title. Such
clouds upon title, as may be removed by courts of equity, are
instruments or other proceedings in writing, which · appear
upon the records and thereby cast doubt upon the validity of
the record title.

When this court reverses a cause and remands it generally
without any specific directions, amendments to the pleadings
may be allowed upon the reinstatement of the cause· in the
court below. This case, however, was not remanded generally.
The order in *Parker* v. *Shannon*, 114 Ill. 192, is as follows:
"The decree will be reversed, and the cause remanded for
further proceedings consistent with this opinion." The only
proceeding, which was consistent with that opinion, was to
enjoin the doing of irreparable injury, until the question of
title could be tried and determined in a court of law. Where

a certain mode of proceeding is marked out in the opinion and the direction is to proceed consistently therewith, any other mode of proceeding is excluded. *Hook* v. *Richeson et al.* 115 Ill. 431; *Gage* v. *Bailey,* 119 id. 539.

The second decree entered by the circuit court is reversed, and the cause is remanded with directions to proceed as indicated in *Shannon* v. *Parker,* 114 Ill. 192.

*Decree reversed.*