LEAH M. DELANEY et al. Appellants, vs. MENOMEN O'DON-
NELL, Appellee.

_Opinion filed April 23, 1908._

1. CLOUD ON TITLE—*allegation of complainant's possession must
be proved.* A bill to remove cloud and quiet title cannot be enter-
tained for that purpose unless it alleges, and the proof sustains the
allegation, that the complainant is in possession of the land or that
it is vacant and unoccupied.

2. SAME—*unlawful possession by defendant may defeat bill to
quiet title.* Possession obtained by an unlawful and forcible entry
cannot be availed of to sustain a bill to remove a cloud and quiet
title, but may be availed of to defeat a bill for that purpose by the
ousted party, where he has an adequate remedy at law.

3. SAME—*when question of adequate remedy at law need not
be specifically raised by the pleadings.* Where a bill to remove a
cloud alleges that complainant is in possession, but the defendant,
by his answer, denies such allegation and avers possession in him-
self and denies that complainant is entitled to the relief prayed, it
is not necessary for him to state in his answer that the complain-
ant has an adequate remedy at law, and he may support his alle-
gation by showing that he obtained possession by forcible entry.

APPEAL from the Circuit Court of Lawrence county;
the Hon. J. R. CREIGHTON, Judge, presiding.

NOAH M. TOHILL, and J. E. McGAUGHEY, for appel-
lants.

GEORGE W. LACKEY, and GEE & BARNES, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This was a bill in chancery filed by appellants for the
purpose of quieting and confirming their title in certain real
estate and to declare the title and claim of the defendant
thereto void.

The bill alleges that defendant (appellee here) was in
November, 1873, the owner of the north part of lot 25,
block 4, in the village of Bridgeport, Lawrence county, Illi-

nois, which was twenty-one and one-half feet in width north and south and sixty-six feet in length east and west; that at that time he mortgaged the said real estate to Abraham and Selemen Gimble to secure an indebtedness of $3166.25; that said mortgage was foreclosed by the Gimbles and the premises sold in October, 1875, by a special master in chancery, under a decree of court, for the payment of the mortgage indebtedness. It appears from the evidence it sold for less than the indebtedness found due the mortgagees by the decree of the court. The bill further alleges that there was no redemption from the sale, and that on January 24, 1877, the special master executed and delivered to the Gimbles, who were the purchasers at the master's sale, a deed for said premises, but that in preparing the deed the special master by mistake described the part of the lot conveyed as sixty feet long instead of sixty-six feet long; that it was the intention to sell the whole of the mortgaged premises and of the purchasers who bought at the sale to buy the whole of the premises. The bill alleges the purchasers, upon receiving a deed, entered upon and took possession of the entire premises, which were occupied by a two-story building, twenty-one and one-half feet wide and sixty feet long. The front of the building, twenty-one and one-half feet wide, was upon a street running north and south. The north side of the building abutted upon a street running east and west, and from this street a stairway, said to be six feet wide, at the rear of the building led from the street up to the second story, which had been used before its sale under the mortgage as a hall. The ground immediately west of said sixty-six feet, and abutting upon it, was occupied by a brick building. The bill further alleges that the Gimbles took possession of the entire sixty-six feet and occupied the same until November, 1884, when they sold the premises to appellants and gave them possession; that at the time this sale was made to appellants the Gimbles gave them a bond for a deed, in which the premises were described as twenty-

one and one-half feet wide and sixty feet long; that it was the intention of appellants to purchase, and they understood they were purchasing, and the vendors intended to convey and thought they were conveying to appellants, the whole of said part of lot 25, in block 4, sixty-six feet in length, but by a mistake it was described as sixty feet in length; that in November, 1886, the Gimbles executed to appellants a deed for said premises, in which, by the same misunderstanding and mistake, the premises were described as sixty feet long instead of sixty-six feet long. The bill alleges that the appellants have been in the actual, peaceable, quiet, open and adverse possession of the whole of said premises, twenty-one and one-half by sixty-six feet, since the 12th day of November, 1884; that for many years the six feet at the rear of the building on said premises had been enclosed with a high board fence; that on the 21st of August, 1907, appellee, claiming to be the owner of said six-foot strip, began to tear down the high board fence and other improvements placed thereon by appellants, and threatened to completely remove said fence and improvements and erect a building thereon, which would greatly injure appellants' property and obstruct ingress to and egress from their building at the west end. The bill, in addition to the prayer that appellants' title be confirmed and quieted and the appellee's claim of title be decreed to be void, prayed for an injunction restraining appellee from going upon any part of the premises in dispute. A temporary injunction was granted by the master in chancery.

Appellee answered, denying that appellants had acquired or had any title or interest in the six feet at the west end of said north part of lot 25, and denied that it had been occupied by and in the possession of appellants, as alleged in the bill. The answer further denied that the Gimbles acquired any title or interest in said six feet by conveyance to them from the special master in chancery; denied that the master intended to convey any more land than that described

in the deed; denied that appellants acquired any title or interest in said six feet under the conveyance to them from the Gimbles; denied that the appellants were in possession of the disputed premises when the writ was served upon appellee, but alleged that he, before that time, had erected a building on said premises and was peaceably occupying the same. Upon hearing the case the circuit court entered a decree dismissing the bill for want of equity, and complainants have prosecuted an appeal to this court.

It will be seen this litigation relates wholly to a strip of land six feet wide and twenty-one and one-half feet long off the west end of the north part of lot 25, block 4. There is no dispute that said lot was sixty-six feet in length east and west. When it was owned by appellee there was a stairway in this six-foot strip, leading from the street to the second floor of the building. This stairway remained there for some years after the conveyance to the Gimbles under the foreclosure proceeding, and the evidence tends to show that said six-foot strip was continuously used and occupied in some manner by the owners and occupants of the building until about the time this suit was begun. Appellants paid taxes on the property, including the six feet, and appellee appears to have never asserted any claim to it until some ten or twelve years before this litigation was commenced, when he stated to one of appellants that he claimed to own the six-foot strip, but the claim was denied and he was told appellants were the owners of it.

Conceding the contention of appellants that title by limitation may be used for attack as well as in defense, we do not see how this bill could be sustained, for the reason that the proof shows appellants were not in possession of the disputed property when the bill was filed. It has been repeatedly held that a bill to remove cloud and quiet title can not be entertained unless it alleges, and the proof sustains the allegation, that the complainant is in possession of the land or that it is vacant and unoccupied. (*Gould* v. *Stern-*

*burg,* 105 Ill. 488; *McConnell* v. *Pierce,* 210 id. 627; *Glos* v. *Kemp,* 192 id. 72.) No facts or circumstances as to the ownership of the land in question are alleged in this bill that would justify a court of equity in retaining it for the purpose of settling the question of disputed title. It is not a case where a court of equity will assume jurisdiction on the ground that such irreparable injury would result that the law cannot afford adequate remedy. The law does afford an adequate remedy for determining the title to the property and for recovering its possession if appellants are found to be the owners of it.

Appellants contend that if appellee wished to question the jurisdiction of the court on the ground that appellants had an adequate remedy at law he should have done so either by a demurrer to the bill or by specially relying on such defense in his answer. The bill was not obnoxious to demurrer, for it alleged that appellants were in possession. The appellee by his answer denied this and alleged that he was in possession, and denied that appellants were entitled to the relief prayed, or any part thereof. Having thus answered he was not required to state in his answer that the reason appellants were not entitled to the relief prayed was that they had an adequate remedy at law. This was a conclusion of law which followed if the facts sustained the allegations of the answer. It is true the evidence shows the appellee obtained possession of the property by an unlawful and forcible entry thereon. Possession thus obtained cannot be availed of by a party to file a bill to remove cloud, quiet and confirm title, but it may be availed of to defeat a bill for that purpose by the ousted party, where, as in this case, he had an adequate remedy at law. *Gould* v. *Sternburg, supra.*

In our opinion the court did not err in dismissing the bill, and the decree is affirmed.          *Decree affirmed.*