EDWARD W. STEPHENS *et al.* Appellants, *vs.* ROBERT R. JOHNSON *et al.* Appellees.

*Opinion filed October 26, 1912.*

CLOUD ON TITLE—*when bill will not lie to remove cloud from title.* A bill to remove cloud from title will not lie where the premises are improved and are in the possession of the defendants, and the fact that the possession was acquired by the defendants from the complainants through force or violence does not change the rule.

APPEAL from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

CHARLES M. PEIRCE, for appellants.

DOOLEY & DOOLEY, and JESSE E. HOFFMAN, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed by the complainants against the defendants in the circuit court of McLean county to quiet title in themselves and to remove two or more deeds as clouds upon the title to certain land situated in said county, which was improved and in the possession of the defendants. The court sustained a demurrer to the bill and dismissed the same on the ground that the complainants had an adequate remedy at law, and the complainants have prosecuted this appeal.

The law is well settled in this State that there are only two cases in which a bill may be filed to quiet title and to remove a cloud from the title to real property: First, when the complainant is in possession of the land; and secondly, when the complainant claims to be the owner and the land is unimproved and unoccupied; (*Hardin* v. *Jones,* 86 Ill. 313; *Gage* v. *Abbott,* 99 id. 366; *Oakley* v. *Hurlbut,* 100 id. 204;) and the fact that the possession of the land has been acquired by the defendant from the complainant through force or violence will not change the rule. (*Gould* v. *Sternburg,* 105 Ill. 488.) The court did not err in sustaining the demurrer and dismissing the bill.

It is suggested in argument that the court erred in entering a decree dismissing the bill without disposing of the receivership through which the land was controlled by the court pending the litigation. No such question is raised upon this record, as the only assignment of error is that the trial court erred in sustaining the demurrer and dismissing the bill on the ground that the complainants had an adequate remedy at law.

The decree of the circuit court will be affirmed.

*Decree affirmed.*