(No. 11514.—Reversed and remanded.)
PATRICK H. GILLESPIE, Appellee, *vs.* CHARLES N. STOLL, Appellant.

*Opinion filed October 23, 1917.*

1. CLOUD ON TITLE—*complainant in bill to remove tax deed as cloud on title must prove possession or that property is unoccupied.* To authorize a party to maintain a bill to set aside a tax deed as a cloud on his title it is necessary for him to prove his possession of the property or that it is vacant and unoccupied, as his remedy is at law where the defendant is in possession.

2. SAME—*when presumption of possession in favor of holder of legal title will not be given effect.* In a bill to set aside a deed as a cloud on title the presumption of possession in favor of the holder of the legal title as against the holder of color of title will not be given effect against the undisputed testimony of the defendant claiming to be in possession.

APPEAL from the Circuit Court of Will county; the Hon. ARTHUR W. DESELM, Judge, presiding.

D. R. ANDERSON, for appellant.

CORLETT & CLARE, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

On November 6, 1914, Patrick Gillespie, who is appellee in this court, filed his bill in the circuit court of Will county praying that a tax deed issued to defendant, Charles N. Stoll, who is appellant here, be set aside as a cloud on the title to a certain lot described, which complainant alleged he owned and was and had been in the actual and exclusive possession of since June 4, 1907. An amended bill was filed January 2, 1915. The amended bill alleged numerous reasons why the tax deed issued to defendant was invalid and conveyed no title. The amended bill alleged complainant had tendered defendant the amount paid by him at the tax sale, with interest thereon, other legal charges and penalties provided by law, and interest thereon, which

the defendant refused to accept, and complainant renewed the tender in his bill. Defendant answered the amended bill May 3, 1915, claiming to own the lot by virtue of the tax deed issued to him and denying the allegations of the amended bill as to its invalidity. The answer denied complainant was in possession, denied he had made the tender to defendant as alleged in the bill, and denied complainant was entitled to the relief prayed. The cause was heard by the chancellor and a decree entered finding the tax deed invalid and a cloud upon complainant's title, and ordering that it be set aside upon the payment to defendant of $93.88 to reimburse him the amount paid at the tax sale and for subsequent taxes and assessments paid and interest thereon. Defendant has prosecuted this appeal from that decree.

The bill alleges appellee was in the actual and exclusive possession of the property. The answer denied the truth of that allegation. Appellee did not in his testimony claim or state that he was in possession. Appellant testified that at the time he bought the property it was not occupied by anyone and that he "afterwards took possession of it." Just when he took possession cannot be determined from his testimony. Under the state of the record it cannot be said appellee·was in possession, for he made no statement to that effect in his testimony. We would not be justified in treating the property as vacant and unoccupied, for appellant testified that after he bought the property and received his tax deed he took possession of it. To authorize appellee to maintain a bill to set aside the tax deed as a cloud on his title it was necessary for him to prove he was in possession of the property or that it was vacant and unoccupied. (*Gould* v. *Sternburg,* 105 Ill. 488; *Glos* v. *Goodrich,* 175 id. 20; *Glos* v. *Kemp,* 192 id. 72; *Bieber* v. *Porter,* 242 id. 616.) If appellant was in possession when the bill was filed appellee's remedy was at law. *Parker* v. *Shannon,* 114 Ill. 192; *Alton Marine and Fire Ins. Co.* v. *Buckmaster,* 13 id. 201.

Appellee insists that the presumption of possession will be indulged in favor of the holder of the legal title and there is no presumption in favor of the holder of color of title. The presumption of possession cannot be given effect against the undisputed testimony of appellant claiming to be in possession.

As the decree must be reversed for the reasons stated, the other questions raised will not be referred to or discussed.

The decree is reversed and the cause remanded.

*Reversed and remanded.*