*In re* MARRIAGE OF BATES (James H. Stacke, Ex'r of the Estate of George A. Bates, Plaintiff-Appellant, v. Mary Luise Bates, Defendant-Appellee).

Second District No. 2—87—0211

Opinion filed December 3, 1987.

Perry G. Callas and Robert J. Wagner, both of Bishop & Callas, of Crystal Lake, and James J. Carroll, of Sidley & Austin, and Cook, Wetzel & Egan, Ltd., both of Chicago (Robert M. Ward, of counsel), for appellant.

Driscoll & Driscoll, of Schaumburg (James F. Driscoll, of counsel), for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff, James H. Stacke, executor of the estate of George A. Bates, appeals from a judgment of the circuit court of McHenry County which granted defendant's motion to vacate judgment of dissolution and abated this cause of action due to the death of George Bates, except for the remaining issues of child support, attorney fees, and a rule to show cause.

On appeal plaintiff raises five issues, namely, that (1) the appellate court mandate directed the trial court to enter immediately a bifurcated judgment of dissolution; (2) the trial court erred when it violated the mandate by vacating the bifurcated judgment of dissolution; (3) *res judicata* bars defendant from relitigating the bifurcation issue in this appeal; (4) defendant waived her objection to the entry of a bifurcated judgment by failing to raise the issue in her petition for

leave to appeal to the supreme court; and (5) the proceedings did not abate by reason of the death of George A. Bates.

On April 30, 1980, George A. Bates (George) filed for dissolution of marriage on the grounds of mental cruelty. Defendant, Mary Luise Bates (Mary), to whom George had been married for four years, denied the allegation of mental cruelty and filed her own counterpetition for legal separation. After a trial on both petitions, the trial court denied George's petition for dissolution and granted Mary's petition for legal separation. Following the denial of post-trial motions, both parties appealed to this court in August 1984.

On March 14, 1986, this court reversed the trial court in *In re Marriage of Bates* (1986), 141 Ill. App. 3d 566, and instructed the trial court to enter an "immediate order of dissolution of marriage between the parties," and further instructed the trial court to "[t]hereafter *** reconsider the issues of maintenance and attorney fees in a manner not inconsistent with this opinion." *Bates*, 141 Ill. App. 3d at 575.

On May 12, 1986, Mary filed a petition requesting leave to appeal to the Illinois Supreme Court. The petition alleged several errors by this court but did not make bifurcation an issue. The Illinois Supreme Court denied defendant's appeal, and on July 9, 1986, this court issued its mandate to the trial court.

Following the issuance of the mandate, George, who was in ill health at the time, filed two motions in the trial court to compel the entry of a bifurcated judgment. On September 30, 1986, the trial court granted *instanter* a bifurcated judgment for dissolution of the marriage and reserved ruling on all remaining matters. The court also ordered that a hearing be set on all other matters on December 8 through 12 and December 15 through 19, 1986. That order provided in pertinent part: "It is hereby ordered that pursuant to the mandate, judgment for dissolution of marriage is hereby granted *instanter*." The record does not indicate what, if any, appropriate circumstances were found by the court to support its entering a bifurcated judgment.

By agreement of the parties, the hearing on the motion to vacate the judgment of dissolution was continued to December 29, 1986. On October 3, 1986, Mary filed a motion to vacate the judgment of dissolution of marriage entered on September 30, 1986. George died on December 28, 1986. The hearing set for December 29, 1986, was continued to March 4, 1987. George's will dated December 12, 1986, was admitted to probate on January 8, 1987. This will left no property to Mary.

On March 4, 1987, the trial court heard arguments on Mary's motion to vacate the judgment of dissolution entered on September 30, 1986. Throughout the hearing, the trial court in apparent contradiction to its ruling of September 30, 1986, in which it entered a judgment of dissolution, expressed great uncertainty as to the *Bates* opinion. At one point in the proceeding, the court stated the following:

> "The reason it [the mandate] caused me so much trouble in the first place when we had the hearing on whether or not to enter the judgment is because I wasn't real sure what they wanted. That was the problem I had. Nothing against the appellate court, but I wasn't real sure."

Later in the hearing, the court stated as follows:

> "Hindsight is always better than the present. Now, hindsight, of course, I would have never entered the judgment in this case, which Mr. Driscoll [Mary's attorney] says is not a judgment. And it is evidenced by the discussions that we had on that date that I immediately allowed an oral motion to vacate for further hearing because I wasn't real sure what the appellate court said."

On March 5, 1987, the trial court granted Mary's motion to vacate and abated further proceedings in this cause of action due to George's death.

On appeal, plaintiff first contends that the mandate unequivocally directed the trial court to enter immediately a bifurcated judgment of dissolution. Plaintiff asserts that the language of *In re Marriage of Bates* (1986), 141 Ill. App. 3d 566, leaves no doubt that this court intended the trial court to enter an immediate judgment of dissolution between the parties. Upon reviewing the language of our previous opinion, we agree with plaintiff.

The *Bates* court in discussing whether or not to grant a judgment of dissolution based on the State's no-fault provision, states as follows:

> "It was undisputed at trial, and the trial court's judgment specifically found that the parties separated in February of 1979, and that they have lived apart since that time. The record also shows that the parties attempted reconciliation and obtained counseling, but that the attempt failed. Lastly, it is clear from petitioner's petition for dissolution, respondent's counterpetition for legal separation, and the extensive trial testimony relating the difficulties, disputes and bitterness between the parties that there are irreconcilable differences between the parties and that the parties no longer wish to live together. Pe-

titioner, therefore, is *entitled to a judgment of dissolution under our State's no-fault provision.*

> *Since we have determined that the trial court's judgment of legal separation must be reversed and a judgment of dissolution entered,* we do not reach petitioner's arguments that the trial court erred in refusing to admit certain memoranda and testimony into evidence or that its finding on the lack of proof of mental cruelty was against the manifest weight of the evidence." (Emphasis added.) (*Bates*, 141 Ill. App. 3d at 570.)

At the conclusion of *Bates*, this court stated:

> "For the reasons set forth above, the judgment of the circuit court of McHenry County is reversed and the cause is remanded with directions. On remand, the trial court shall enter an *immediate order* of dissolution of marriage between the parties. Thereafter, the court shall reconsider the issues of maintenance and attorney fees in a manner not inconsistent with this opinion." (Emphasis added.) *Bates*, 141 Ill. App. 3d at 575.

■ Plaintiff asserts that the term "order" used in the opinion's conclusion can be used interchangeably with the term "judgment." Defendant argues that "order" and "judgment" are not interchangeable. Defendant argues that a close reading of the *Bates* opinion shows that this court did not intend the trial court to enter a bifurcated judgment. Defendant also contends that the disputed opinion did not contain the terminology of bifurcation.

Supreme Court Rule 2(b)(2) defines "judgment" as follows:

> " 'Judgment' also includes decree, determination, decision, *order,* or portion thereof." (Emphasis added.) (107 Ill. 2d R. 2(b)(2).)

In the context of the *Bates* opinion, there is no question that this court intended the term "order" used in the concluding paragraph to be synonymous with "judgment." Further, there is no doubt that this court intended the trial court to enter the judgment of dissolution immediately and thereafter address the issues of maintenance and attorney fees.

We do not share the trial court's aforementioned confusion as to this court's intention in *In re Marriage of Bates.* Without question, this court directed the court below to enter a bifurcated judgment immediately.

■ Plaintiff argues that the trial court failed to follow the mandate expressed in *Bates* by vacating the judgment of dissolution. The law regarding mandates is clear. (*PSL Realty Co. v. Granite Investment Co.* (1981), 86 Ill. 2d 291.)

"When a judgment is reversed by a court of review, the judgment of that court is final upon all questions decided, and if the cause is remanded, the circuit court can take only such action which conforms to the judgment of the court of review. [Citations.]" (*PSL Realty*, 86 Ill. 2d at 305.)

The supreme court further stated:

"The trial court may only do those things directed in the mandate. [Citations.] The trial court has no authority to act beyond the dictates of the mandate." *PSL Realty*, 86 Ill. 2d at 308-09.

As stated above, we found that the *Bates* opinion unequivocally directed the trial court to enter a bifurcated judgment, which consisted of an immediate judgment of dissolution of marriage and a subsequent reconsideration of the issues of maintenance and attorney fees. By vacating the judgment of dissolution of marriage entered on September 30, 1986, the trial court erred in failing to follow the clear mandate of this court. It had no authority to vacate the judgment of dissolution, and, therefore, this order must be reversed.

■ Next plaintiff argues that defendant waived her objection to the entry of a bifurcated judgment by failing to raise the issue in her petition for leave to appeal to the supreme court.

In her petition for leave to appeal to the supreme court, defendant raised the issues as follows:

"I. The appellate court erred in reversing the lower court by applying new no-fault standards to this case which was filed and tried prior to the enactment of the no-fault statute.

II. The appellate court erred in not remanding the case to the lower court for an evidentiary hearing on the new issues raised by the new no-fault law.

III. The appellate court erred in reversing the lower court's establishing an educational trust since there was no showing that the lower court abused its discretion.

IV. The appellate court erred in not rendering an opinion on the issues raised by respondent regarding the award of maintenance and attorneys fees."

In support of his position, plaintiff cites *Kazubowski v. Kazubowski* (1970), 45 Ill. 2d 405, *cert. denied* (1970), 400 U.S. 926, 27 L. Ed. 2d 186, 91 S. Ct. 188, where our supreme court stated:

"The rule is that no question which was raised or could have been raised in a prior appeal on the merits can be urged on subsequent appeal and those not raised are considered waived. *** The conclusion is that any errors sought to be assigned by defendant in connection with any proceedings prior to the filing

of the mandate after appeal will not be considered by this court." (*Kazubowski*, 45 Ill. 2d at 413-14.)

Plaintiff argues that the bifurcation issue arose prior to the filing of the mandate (July 9, 1986) and could only have been directly attacked by a challenge brought before the supreme court. Thus, it is his contention that, because Mary failed to do so, she is foreclosed from arguing the bifurcation issue.

Mary counters this by asserting that when she filed her petition for leave to appeal on May 12, 1986, the issue of bifurcation was not relevant or ripe for review. It is her contention that the subject of bifurcation does not become relevant until after there is a finding that there are grounds for judgment of dissolution. In the instant case, she argues, the issue of grounds for dissolution was settled with finality when the appellate court issued its mandate; at that point, the issue of bifurcation became relevant.

We find that Mary's argument is not meritorious. As noted above, we find that the language of the *Bates* opinion was explicit and unambiguous. The opinion clearly ordered the trial court to enter a bifurcated judgment. To read *Bates* otherwise is to carry obfuscation to new heights. *Bates* left the trial court with no alternative but to enter an immediate judgment of dissolution and thereafter consider the issues of maintenance and attorney fees.

It is well established that any error in bifurcating dissolution proceedings can be waived. (*In re Marriage of Davies* (1983), 95 Ill. 2d 474.) It was incumbent on defendant to raise this issue in her petition for leave to appeal to the supreme court. Indeed, at the March 4, 1987, hearing on the motion to vacate the judgment of dissolution, one of defendant's attorneys, Jerome Kaplan, was testifying regarding his fees. During cross-examination, the following colloquy took place:

"Q. This petition for leave to appeal that you drafted was not filed, is that correct?

A. That is correct.

Q. And—

A. Some of the material was used, some of it was not.

Q. Can you tell us what material was used and what was not used?

A. The issue of bifurcation was not. My petition for leave to appeal raised the issue of bifurcation.

Q. And that is an issue which was omitted from the petition as filed?

A. That's right. Basically referred to the legislative notes as

to why bifurcation should not occur.

Q. Can you tell us what proportion of your brief this bifurcation issue dealt with?

A. I'd say about a third."

If the *Bates* opinion had been ambiguous or vague concerning its directions to the trial court, then Mary's argument would hold some weight. Under these circumstances, there is no such ambiguity or vagueness. This court had directed the trial court to enter a bifurcated judgment. Mary should have discerned this from the clear language of the *Bates* opinion and argued the propriety of said judgment in her petition for leave to appeal. She failed to do so, and, consequently, waived further appellate review of this particular issue.

■ Finally, plaintiff argues that the trial court's decision to abate the divorce proceeding pursuant to the death of George Bates should be reversed. The trial court entered a judgment of dissolution on September 30, 1986. George Bates died on December 28, 1986. Thus, at the time of George's death the judgment of dissolution was intact. Section 401(b) reads in pertinent part:

"The death of a party subsequent to entry of a judgment for dissolution but before judgment on reserved issues shall not abate the proceedings." Ill. Rev. Stat. 1985, ch. 40, par. 401(b).

See also *In re Marriage of Garlinski* (1981), 99 Ill. App. 3d 107.

Clearly, the judgment of dissolution pursuant to the mandate of this court was in effect December 28, 1986. As stated above, the trial court failed to follow this court's mandate in the *Bates* opinion by vacating the September 30, 1986, judgment of dissolution of marriage. It follows that the trial court's abatement of further proceedings, based on its error in vacating of the judgment of dissolution, must be reversed.

For the above reasons, we reverse the trial court's order which vacated the judgment of dissolution of marriage and abated further proceedings. The trial court is directed to immediately reinstate said judgment and conduct further proceedings on the issues of maintenance and attorney fees as directed in the previous opinion of this court. *In re Marriage of Bates* (1986), 141 Ill. App. 3d 566, 575.

Reversed and remanded for proceedings consistent with this opinion.

HOPF and DUNN, JJ., concur.