JEROME J. MANCUSO *et al.*, Plaintiffs-Appellants, v. ALDA BLANCHE BEACH *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—88—2322

Opinion filed August 11, 1989.

Steven J. Rosenberg, P.C., and Rosenberg, Opdycke, Gildea, Hellner & Kelly, both of Chicago, for appellants.

Donald T. Bertucci, of Chicago, and Karl L. Felbinger, of Deerfield, for appellees.

JUSTICE COCCIA delivered the opinion of the court:

Plaintiffs Jerome and Joanne Mancuso have taken this appeal from an order entered by the circuit court, dismissing their third amended complaint. We have concluded that the circuit court erred in not following the mandate of this court issued after *Mancuso v. Beach* (1986), 149 Ill. App. 3d 188, 500 N.E.2d 589, was decided, when this case was first before us. Accordingly, we reverse and remand for proceedings consistent with that mandate.

The facts of this case are set forth in *Mancuso I*, and we shall only revisit them as necessary. Plaintiffs contracted for and ultimately purchased a home from Alda Blanche Beach and Robert Sanden, the beneficial owners, through Koenig & Strey, Inc., the real estate brokers. After purchasing the house, plaintiffs were dissatisfied not only with the condition of its roof, but also with the fact that the house was not air conditioned, contrary to alleged representations made by Koenig & Strey. Consequently, they brought an action for rescission or, alternatively, money damages in the circuit court.

Plaintiffs' original complaint was dismissed upon defendants' motions for failure to state a cause of action. Plaintiffs were allowed 28 days to replead, and they subsequently filed a first amended complaint. Beach and Sanden then moved to dismiss that complaint for failure to state a cause of action. Prior to a hearing on the motion to dismiss, plaintiffs moved for voluntary dismissal, pursuant to section 2—1009(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1009(a)). Beach and Sanden opposed plaintiffs' motion, as did Koenig & Strey, which also moved to dismiss the first amended complaint for failure to state a cause of action. Judge Duff denied plaintiffs' motion for voluntary dismissal, granted defendants' motions

to dismiss, and awarded defendants attorney fees on the grounds that plaintiffs' first amended complaint was filed in bad faith.

Plaintiffs appealed to this court. We determined in *Mancuso I* that the circuit court erred in denying plaintiffs' motion for voluntary dismissal and reversed the order awarding attorney fees. In light of that disposition, we declined to reach the parties' arguments regarding the sufficiency of plaintiffs' first amended complaint. Our mandate ordered:

> "The judgment of the Circuit Court of Cook County is REVERSED and this case is remanded for further proceedings consistent with the views expressed in the opinion of this Court filed herein."

After our mandate was filed in the circuit court, plaintiffs substituted attorneys. They also sought, and were given, leave to file what amounts to a second amended complaint, which the parties refer to as plaintiffs' "first amended complaint (No. 2)." Defendants moved to dismiss the second amended complaint, on the grounds that it was barred by Judge Duff's dismissal of plaintiffs' earlier complaints for failure to state a cause of action. (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(4).) Defendants contended that plaintiffs' second amended complaint was virtually identical to their previously dismissed complaints. Defendants also claimed that the circuit court only had authority to voluntarily dismiss plaintiffs' action, in light of our holding in *Mancuso I*.

Judge Gillis, who was assigned to the case upon remand, heard the defendants' motions on May 23, 1988. He disagreed with defendants' interpretation of our opinion. Unlike defendants, he concluded that plaintiffs had the option of seeking a voluntary dismissal, or amending their complaint, as it was his view that this court's mandate and decision in *Mancuso I* did not preclude them from amending their pleadings. Judge Gillis continued the hearing on the issue of whether plaintiffs' second amended complaint was barred by Judge Duff's rulings.

Thereafter, plaintiffs sought leave to file a third amended complaint. The continued hearing on defendants' motions to dismiss was held on July 7, 1988. Although plaintiffs were not given leave to file their third amended complaint before the hearing, the parties' arguments were based upon it, as if leave to file had indeed been granted. Judge Gillis was persuaded by defendants' claims that Judge Duff's rulings on the sufficiency of plaintiffs' earlier complaints barred the third amended complaint, so he granted the motions to dismiss. Counsel for plaintiffs then requested a formal ruling on the motion for

leave to file the third amended complaint. He further asked for leave to "voluntarily dismiss" the second amended complaint. Defendants did not oppose the motion for leave to file the third amended complaint. Counsel for Beach and Sanden, however, contended that plaintiffs were not truly seeking a voluntary dismissal of their action, but rather a substitution of the third amended complaint for the second amended complaint. Counsel for plaintiffs admitted that he was asking to substitute the third amended complaint for the second amended complaint. Judge Gillis believed he had implicitly ruled upon plaintiffs' motion for leave to file by dismissing the third amended complaint, but he allowed the substitution of the third amended complaint for the second amended complaint. Finally, Judge Gillis reiterated that he was dismissing plaintiffs' third amended complaint on the grounds that it was barred by Judge Duff's previous rulings.

The order entered on July 7, 1988, from which plaintiffs appeal, clearly states that the third amended complaint was substituted for the second amended complaint, which plaintiffs were granted leave to withdraw. It is important to note that plaintiffs did not voluntarily dismiss within the meaning of section 2—1009 of the Code of Civil Procedure, which is confirmed by the fact that they failed to pay costs, as section 2—1009 requires. Thus, the mandate of this court was not complied with upon remand.

OPINION

■ The mandate of a reviewing court is the transmittal of that court's judgment to the circuit court, which revests the latter with jurisdiction. (*PSL Realty Co. v. Granite Investment Co.* (1981), 86 Ill. 2d 291, 304, 427 N.E.2d 563, 569.) When a judgment is reversed by a reviewing court, that judgment is final upon all questions decided, and if the cause is remanded, the circuit court can take only such action as conforms to the reviewing court's judgment. (*PSL Realty,* 86 Ill. 2d at 305, 427 N.E.2d at 570.) That is, the circuit court may only do those things directed in the mandate; it has no authority to act beyond the mandate's dictates. *PSL Realty,* 86 Ill. 2d at 308-09, 427 N.E.2d at 571.

■ When the circuit court's action upon remand is inconsistent with the reviewing court's mandate, it is subject to reversal on appeal. (See *Gridley v. Wood* (1922), 305 Ill. 376, 380-81, 137 N.E. 251, 253.) In *Parker v. Shannon* (1887), 121 Ill. 452, 13 N.E. 155, our supreme court was faced with a second appeal. In the first appeal, the supreme court held that the circuit court erred in passing upon legal title to certain property, and that it should have temporarily stayed

the doing of irreparable injury until trial and determination of the question of title could be had in a court of law. Accordingly, the supreme court remanded the cause. After the remanding order was filed in the circuit court, an amended bill was filed. The amended bill set up the same claim as the original bill in the first appeal.

■■ ■ The supreme court stated that when a cause is reversed and remanded *generally, without specific directions,* amendments to pleadings may be allowed upon reinstatement in the lower court. However, the supreme court did not remand the case generally after the first appeal. Rather, the order provided, like the mandate of this court in *Mancuso I*:

> "The decree will be reversed, and the cause remanded for further proceedings consistent with this opinion." (*Parker,* 121 Ill. at 454, 13 N.E. at 156.)

The only proceeding consistent with that opinion, reasoned the supreme court, was for the circuit court to enjoin the doing of irreparable injury until the question of title could be tried and determined. The supreme court went on to state that when a certain mode of proceeding is marked out in an opinion and the direction is to proceed consistently therewith, any other mode of proceeding is excluded. Consequently, the supreme court reversed the second decree entered by the circuit court and remanded the cause with directions to proceed as indicated in its first opinion. *Parker,* 121 Ill. at 454-55, 13 N.E. at 156. See also *In re Marriage of Bates* (1987), 163 Ill. App. 3d 893, 517 N.E.2d 23.

Given the aforementioned authorities, the only proceeding consistent with *Mancuso I* was the voluntary dismissal of plaintiffs' action. Our mandate, like the order at issue in *Parker,* was *specific,* rather than *general.* It gave the circuit court no authority to permit plaintiffs to amend their pleadings. The circuit court erred in allowing plaintiffs to do so; therefore, this case must be reversed and remanded again.

In view of the foregoing, the judgment of the circuit court is reversed and the cause is remanded for proceedings consistent with *Mancuso I*, as construed herein.

Reversed and remanded.

LORENZ and PINCHAM, JJ., concur.